IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO WESTERN DIVISION

| | |
|---|---|
| **JULIE A. SPENCER**<br>c/o Pat Horner<br>412 14th Street<br>Toledo, OH 43604<br><br>    Plaintiff<br><br>v.<br><br>**DALE OSBORN**, Executive Director<br>Multi County Correctional Center<br>1514 Victory Road<br>Marion, OH 43302<br><br>and<br><br>**MARION-HARDIN CORRECTIONS COMMISSION**<br>C/o Andy Appelfeller, Marion County Commissioner<br>222 W. Center Street<br>Marion, OH 43302;<br>c/o Brice Beaman, Hardin County Commissioner<br>One Courthouse Square<br>Kenton, OH 43326<br><br>and<br><br>John Doe(s) 1 through 10,<br>(Deputy sheriffs and staff of Multi County Correctional Center whose names and addresses are presently unknown)<br><br>    Defendants. | CASE NO.<br><br><br>JUDGE<br><br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**<br><br>Patricia Horner<br>S. Ct. #0039912<br>412 14th Street<br>Toledo, OH 43604<br>(419) 699-6164<br>FAX (419) 244-1119<br>attorneypath@gmail.com<br><br>Wesley M. Miller Jr,<br>S. Ct. #0084375<br>P.O. Box 352530<br>Toledo, OH 43635<br>(419) 508-7892<br>FAX (567)225-3000<br>wes@wesleymillerlaw.com<br><br>Counsel for Plaintiff |

**************

Now comes Plaintiff Julie A. Spencer, through her Attorneys, and for her causes of action states as follows:

## NATURE OF THE ACTION

1. This is a civil rights action brought under 42 U.S.C. § 1983 that also asserts claims under Ohio statutory and common law. Plaintiff Julie A. Spencer ("Plaintiff"), a middle-aged female, alleges that Defendant Doe(s) ("Doe") (Marion/Hardin County Deputy Sheriffs, and medical personnel who were employed by/at the Multi County Correctional Center) while acting in the scope of his/her employment and under color of state law, violated the Eighth and Fourteenth Amendments to the United States Constitution by refusing and delaying medical attention to Plaintiff, thereby causing her to suffer a life-threatening medical episode and severe emotional injuries.

2. Plaintiff further asserts that Dale Osborn ("Osborn") the Executive Director of the Multi County Correctional Center ("MCC"), while acting in the scope of his employment and under color of state law, failed to see to it that Marion/Hardin County Deputies and medical personnel employed by MCC, were adequately trained and/or supervised. This failure to adequately train and supervise was a direct and proximate cause of Plaintiff's injuries.

## PARTIES

3. Plaintiff currently resides at the Ohio Women's Reformatory located in Marysville, Union County, Ohio having been sentenced to this facility on or about June 12, 2012 by the Judge in Hardin County Common Pleas Court in Kenton, Ohio, and is citizen of the State of Ohio and the United States.

4. Defendant John Doe(s) ("Doe") (deputy sheriffs and staff whose names are presently unknown) was at all times set forth herein was employed by MCC and was acting in the scope of his/her employment and under color of state law, under color of statutes, ordinances, regulations, policies, customs, customs, practices and usages of the State of Ohio and/or the County of Marion/Hardin. Doe is being sued in his/her individual capacity.

5. Defendant Osborn is the Executive Director of MCC and was the Executive Director at MCC before and on or about June 12, 2012 and thereafter, and at all times giving rise to this action was acting in the scope of his employment and statutory responsibilities and under color of state law, under color of statutes, ordinances, regulations, policies, customs, customs, practices and usages of the State of Ohio and/or the County of Marion/Hardin. Osborn is being sued in his official and individual capacity

6. Defendant Marion-Hardin Correction Commission ("Corrections Commission"), in operating MCC pursuant to ORC § 307.93, was throughout June 2012 and is currently required to ensure the operations of MCC adhere to and conform to the laws of the State of Ohio as set forth in the O. R. C. including but not limited to §§311 et seq., 341.01 et seq., the Ohio Administrative Code (OAC) including but not limited to Chapter 5120:1 et seq., and the United States Constitution.

7. Defendant Corrections Commission is composed of Marion County Sheriff Tim Bailey, Marion County Commission Andy Appelfeller, Brice Beaman Hardin County Commissioner and Hardin County Sheriff Keith Everhart. These Commissioners, in operating the MCC, at all times giving rise to this action were acting in the scope of their employment and statutory responsibilities and under color of state law, , under color of statutes, ordinances, regulations,

policies, customs, customs, practices and usages of the State of Ohio and/or the County of Marion/Hardin.

## JURISDICTION AND VENUE

8. This action arises under the Constitution and laws of the United States, particularly the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343 on the supplemental jurisdiction of this Court to entertain claims arising under state statutory and common law pursuant to 28 U.S.C. § 137.

10. Venue is proper in this Court under 28 U.S.C. § 1391, because the incidents, events, and/or omissions complained of and giving rise to the instant claim occurred in this district.

## FACTUAL ALLEGATIONS

11. On or about June 12, 2012, after being sentenced by the Hardin County Common Pleas Court, Plaintiff was held at MCC while awaiting transportation to the Ohio Women's Reformatory. Plaintiff has been held at MCC prior to this date and has received medical care and treatment during those prior times.

12. MCC is a full-service jail operated by the Corrections Commission as established under the O.R.C. § 307.93. The Corrections Commission appoints an Executive Director to oversee the operation of the facility. The facility is located in Marion, Marion County, Ohio and was established in 1999 under an agreement between both Marion and Hardin Counties of Ohio.

13. Doe owed a duty to Plaintiff, while she was held at MCC awaiting transportation to prison, to provide timely and adequate medical care and treatment pursuant to the laws of the

State of Ohio as set forth in the O. R. C. including but not limited to §§311 et seq., 341.01 et seq., the Ohio Administrative Code (OAC) including but not limited to Chapter 5120:1 et seq., and the United States Constitution; and *McCoy v. Engle* (1987), 42 Ohio App.3d 204).

14. Plaintiff suffers from diabetes Type I, which requires her to take insulin twice a day and check her blood sugar levels frequently. Following her sentencing at the Hardin County Common Pleas Court on or about June 12, 2012, while at MCC awaiting transport to prison, she informed the jail personnel she needed medical assistance that she needed to have her blood sugar checked as she was beginning to feel sick, they told her she had to wait.

15. Defendant Doe knew of, or reasonably should have known of, Plaintiff's medical condition and history due to prior interaction with her at MCC.

16. Plaintiff asked for medical help several more times during the evening of June 12, 2012. At one point, employees of MCC, Defendant Doe(s) (deputy sheriffs and / staff whose names are presently unknown) asked Plaintiff to call her mother so she could bring Plaintiff's insulin to her but then refused to let her use a phone because her mother only had a cell phone. These employees then acted in a demeaning and harassing manner towards her.

17. Plaintiff continued to become increasingly ill throughout the evening. On one occasion, an employee of MCC who may have been an Officer in Charge of the shift and whose name is perhaps Mr. Aikens, noticed Plaintiff laying on the floor, partially unclothed, and told her to pull her slacks up; however, she responded she was unable to do so because she was so ill. This employee entered her cell, covered her up and she asked him for help telling him she was sick, but he did not follow-up with her request.

18.     Plaintiff recalls being asked about breakfast at MCC and then recalls being at a hospital on a ventilator and with I.V.s attached to her. Plaintiff eventually learned she had been brought to the hospital in cardiac arrest and her diabetes seriously and significantly untreated.

19.     At all times set forth herein, as a convicted and sentenced individual awaiting transportation to prison at MCC, Plaintiff had a legal right, guaranteed her by the Eighth Amendment of the United States Constitution, to be free of cruel and unusual punishment, which included receiving timely and adequate medical care and treatment for serious medical needs.

20.     At all times set forth herein, as an inmate, detainee, and/or convicted and sentenced individual awaiting transportation to prison at MCC, Plaintiff had substantive due process constitutional rights, as provided by the United States Constitution through the Fourteenth Amendment, to receive medical care and treatment.

21.     Doe violated Plaintiff's constitutional rights guaranteed under the Eighth and Fourteenth Amendments when he/she delayed and/or failed to provide timely and adequate medical care and treatment to Plaintiff.

22.     Doe, acted with deliberate indifference when he/she delayed and/or failed to provide timely and adequate medical care and treatment to Plaintiff.

23.     Doe acted maliciously, recklessly, wantonly and in bad faith when he/she delayed and/or failed to provide timely and adequate medical care and treatment to Plaintiff.

24. At all times herein, Defendants Corrections Commission and Osborn, in his capacity as Executive Director of MCC, were responsible for the operations of MCC and were acting under color of state law, ordinances and or regulations thereof.

25. At all times herein, Defendants Corrections Commission and Osborn had the responsibility for promulgating, establishing and implementing policies, practices and procedures designed to assure that Plaintiff received timely and adequate medical care and treatment while waiting at MCC for transport to prison.

26. At all times herein, Defendants Corrections Commission and Osborn had a duty and responsibility by the laws, ordinances, statutes and/or regulations of the State of Ohio to ensure their employees and staff had the necessary training and education for properly and safely implementing the policies, practices and procedures designed to assure that Plaintiff, as a prisoner, inmate, detainee at MCC, received timely and adequate medical care and treatment.

27. Upon information and belief, Doe was inadequately trained and/or supervised by Osborn. The policies, practices and procedures promulgated and implemented by Defendants Corrections Commission and Osborn did not assure that Plaintiff would receive timely and adequate medical treatment and care and attention for serious needs.

28. Upon information and belief, the policies, practices and procedures promulgated and implemented by Defendants Corrections Commission and Osborn were grossly deficient in providing adequate and appropriate medical treatment and care, treatment and attention to prisoners and detainees at MCC and constituted a deliberate indifference to the serious medical and health needs of all prisoners and the Plaintiff.

29. As a direct result of the foregoing, Plaintiff has suffered life-threatening injuries; extreme anxiety, fear, pain, emotional and psychological distress; has required extensive hospitalization, suffered physical injuries and loss of enjoyment of life; and caused her to incur medical expenses; and she will suffer from these conditions and incur further medical expenses in the future.

## COUNT I: 8TH AMENDMENT VIOLATIONS

30. Plaintiff incorporates by reference ¶¶ 1 through 29 as if fully rewritten here.

31. Doe demonstrated deliberate indifference when he/she delayed and/or failed to provide requested medical care and treatment for Plaintiff's serious medical needs.

32. Doe demonstrated deliberate indifference when he/she delayed and/or failed to provide medical care and treatment to Plaintiff despite her repeated requests violated her Constitutional rights guaranteed her by the 8th Amendment to the United States Constitution and thus have infringed on Plaintiff s constitutional rights in violation of 42 U.S.C.§ 1983.

33. Defendant Doe demonstrated deliberate indifference in delaying/failing provide medical care and treatment to Plaintiff thus causing her to suffer life-threatening injuries, violating Plaintiff' s 8th Amendment rights and this rises to a level of cruel and unusual punishment.

34. Defendant Doe acted with deliberate indifference to Plaintiff's serious medical needs violating Plaintiff's 8th Amendment rights and thus have infringed on plaintiff s constitutional rights in violation of 42 U.S.C.§ 1983.

35. As a direct result of the foregoing, Plaintiff has suffered life-threatening injuries; extreme anxiety, fear, pain, emotional and psychological distress; has required extensive hospitalization, suffered physical injuries and loss of enjoyment of life; and caused her to incur medical expenses; and she will suffer from these conditions and incur further medical expenses in the future.

## COUNT II: 14TH AMENDMENT VIOLATIONS

36. Plaintiff incorporates by reference ¶¶ 1 through 35 as if fully rewritten here.

37. Doe demonstrated deliberate indifference when he/she delayed and/or failed to provide medical care and treatment to Plaintiff despite her repeated requests and violated her 14th Amendment rights in violation of 42 U.S.C.§ 1983.

38. Doe demonstrated deliberate indifference when he/she delayed and/or failed to provide Plaintiff with medical care and treatment and by said conduct allowed Plaintiff's medical condition to exacerbate to a serious life-threatening situation.

39. Doe demonstrated deliberate indifference when he/she delayed and/or failed to act to protect Plaintiff despite knowing of her medical needs and history, or reasonably should have known of her serious medical health needs and history.

40. Doe's conduct violated Plaintiff's right to substantive due process protected by the Fourteenth Amendment to the United States Constitution when he/she delayed and/or failed to provide Plaintiff with timely and adequate medical care and treatment when she was a detainee/inmate/prisoner at the MCC facility in violation of 42 U.S.C. § 1983.

41. As a direct result of the foregoing, Plaintiff has suffered life-threatening injuries; extreme anxiety, fear, pain, emotional and psychological distress; has required extensive hospitalization, suffered physical injuries and loss of enjoyment of life; and caused her to incur medical expenses; and she will suffer from these conditions and incur further medical expenses in the future.

## COUNT III: FAILURE TO PROPERLY TRAIN AND SUPERVISE

42. Plaintiff incorporates by reference ¶¶ 1 through 41 as if fully rewritten here.

43. The policies, practices, and procedures for MCC promulgated by Defendants Corrections Commission and Osborn were not appropriate to assure that plaintiff while at MCC received timely and adequate medical treatment and care.

44. Prior to June 12, 2012, Osborn and/or the Corrections Commission developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Marion/Hardin County, which caused the violations of Plaintiff's rights.

45. It was the policy and/or custom of Osborn and/or the Corrections Commission to inadequately supervise and train its sheriff's deputies and personnel, thereby failing to adequately discourage constitutional violations on the part of his/its deputies and personnel.

46. As a result of the above described policies and customs, sheriff's deputies and personnel of the County of Marion/Hardin, including Doe, believed that his/her actions would not be properly monitored by supervisory personnel and that misconduct would not be adequately investigated or sanctioned, but would be tolerated.

47. The policies, practices, customs and procedures promulgated and implemented by Osborn and/or the Corrections Commission demonstrated a deliberate indifference to the constitutional

rights of persons within Marion/Hardin County, and were the cause of violations of Plaintiffs' rights alleged herein, in violation of 42 U.S.C. §1983.

48. As a direct result of the foregoing, Plaintiff has suffered life-threatening injuries; extreme anxiety, fear, pain, emotional and psychological distress; has required extensive hospitalization, suffered physical injuries and loss of enjoyment of life; and caused her to incur medical expenses; and she will suffer from these conditions and incur further medical expenses in the future.

### COUNT IV: GROSS NEGLIGENCE

49. Plaintiff incorporates by reference ¶¶ 1 through 48 as if fully rewritten here.

50. At all times herein, Doe was an employee of MCC, and Osborn was the supervisor of Doe.

51. Doe acted maliciously, recklessly, wantonly and in bad faith when he/she delayed and/or failed to provide timely and adequate medical care and treatment to Plaintiff.

52. Doe's conduct constitutes gross negligence under Ohio law.

53. As a direct result of the foregoing, Plaintiff has suffered life-threatening injuries; extreme anxiety, fear, pain, emotional and psychological distress; has required extensive hospitalization, suffered physical injuries and loss of enjoyment of life; and caused her to incur medical expenses; and she will suffer from these conditions and incur further medical expenses in the future.

**WHEREFORE,** Plaintiff prays this Court find that all defendants, jointly and severally, violated her legal rights as set forth in 42 U.S.C. §1983 and for judgment against all defendants, jointly and severally a follows:

a.      As to Count I against defendant Doe for nominal, compensatory, statutory and punitive damages in an amount in excess of $25,000.00, reasonable attorney fees as permitted by 42 U.S.C. §1988, costs and prejudgment and post-judgment interest;

b.      As to Count II against defendant Doe for nominal, compensatory, statutory and punitive damages in an amount in excess of $25,000.00, reasonable attorney fees as permitted by 42 U.S.C. §1988, costs and pre-judgment and post-judgment interest;

c.      As to Count III against defendants Osborn and Corrections Commission for nominal, compensatory, statutory damages in an amount in excess of $25,000.00, reasonable attorney fees as permitted by 42 U.S.C. §1988, costs and pre-judgment and post-judgment interest;

d.      As to Count IV against defendant Doe for nominal, compensatory, statutory damages in an amount in excess of $25,000.00, and punitive damages in an amount of $500,000.00, reasonable attorney fees as permitted, costs and pre-judgment and post-judgment interest;

e.      All and any further relief this Court finds proper and just.

Respectfully submitted,

/s/Patricia Horner

Patricia Horner (#0039912)
412 14th Street
Toledo, OH 43604
(419) 699-6164
FAX (419) 244-1119
attorneypath@gmail.com

/s/Wesley M. Miller Jr.

Wesley M. Miller Jr.
P,O, Box 352530
Toledo, OH 43635
(419) 508-7892
Fax:225-3000
wes@wesleymillerlaw.com

Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a jury trial on all counts.

/s/ Patricia Horner